# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| ETHAN HIBBARD, | * | |
| | * | |
| Petitioner, | * | No. 21-1462V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Failure to Prosecute; |
| AND HUMAN SERVICES, | * | Insufficient Proof; Entitlement. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

### I.   INTRODUCTION

On June 11, 2021, Petitioner filed a petition for compensation in the National Vaccine Injury Program, 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered immune thrombocytopenic purpura ("ITP") as a result of the meningococcal and hepatitis A vaccines he received on June 13, 2018.  Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Based on the reasons set forth below and in the order to show cause dated March 27, 2023, the undersigned **DISMISSES** this case for failure to prosecute and insufficient proof.

## II.     BACKGROUND

### A.     Procedural History

On June 11, 2021, Petitioner filed a petition, alleging that he suffered ITP as a result of meningococcal and hepatitis A vaccines he received on June 13, 2018.  Petition at Preamble.

The case was reassigned to the undersigned on March 23, 2022.  Notice of Reassignment dated Mar. 23, 2022 (ECF No. 25).  After Respondent filed his Rule 4(c) Report on October 31, 2022, arguing against compensation, the undersigned scheduled a status conference due to concerns regarding the date of onset and evidence of an alternate cause.  Respondent's Report ("Resp. Rept.") at 2, 12 (ECF No. 37); see also Order dated Dec. 15, 2022 (ECF No. 38).

At a status conference on December 14, 2022, the undersigned found, based on the detailed records of the specialist and primary care physician, and consistent with the contemporaneous medical records, onset to be approximately 85 days, or 12 weeks after vaccination.  Order dated Dec. 15, 2022, at 1-2.  Based on knowledge and experience adjudicating previous autoimmune ITP cases, as well as literature regarding onset, the undersigned advised Petitioner that 85 days is far outside the temporal association that would be appropriate if the ITP were vaccine-related.  Id.  It was recommended that Petitioner's counsel confer with his client about these concerns before proceeding with expert reports and further litigation.  Id.

Petitioner subsequently filed three status reports each indicating Petitioner was still in the process of deciding how he wanted to proceed and requesting additional time.  See ECF Nos. 39, 41, 43.  Accordingly, the undersigned gave Petitioner thirty days to file a motion for dismissal, otherwise an order to show cause would be filed.  Order dated Feb. 15, 2023 (ECF No. 44).  Thirty days later, on March 16, 2023, Petitioner requested a status conference "to discuss the Petitioner's motion to dismiss."  Petitioner's ("Pet.") Status Rept., filed Mar. 16, 2023 (ECF No. 45).

At a status conference on March 24, 2023, Petitioner's counsel reported that his client had not authorized him to file a motion to dismiss on his behalf.  Order to Show Cause dated Mar. 27, 2023, at 4 (ECF No. 46).  Therefore, on March 27, 2023, an order to show cause issued ordering Petitioner to file evidence that Petitioner's onset was medically acceptable.[3]  Id.

---

[3] The order to show cause details the reasoning of why onset was found to be 85 days, including reviewing Petitioner's declaration and certifications, and discusses alternate causation.  Order to Show Cause at 1-4.

On April 26, 2023, Petitioner filed a response to the order to show cause and requested the Court allow his case to proceed. Response to Order to Show Cause, filed Apr. 26, 2023 (ECF No. 47). For support, Petitioner filed medical literature allegedly supporting Petitioner's position that ITP can occur up to 90 days from vaccination or infection. Pet. Exhibits ("Exs.") 19-20. The undersigned then ordered Petitioner to file an expert report supporting onset by June 26, 2023. Order dated Apr. 27, 2023 (ECF No. 49).

On June 26, 2023, Petitioner did not file an expert report but instead filed an unopposed motion for extension of time regarding the Court's April 27, 2023 Order. Pet. Unopposed Motion for Extension of Time ("Pet. Mot."), filed June 26, 2023 (ECF No. 50). It was reported that despite numerous telephonic attempts and correspondence, Petitioner's counsel had been unable to reach Petitioner or his family since the Court's status conference on April 26, 2023.[4] Id. Petitioner's counsel requested additional time to ensure his client had received the Court's April 27, 2023 Order and an additional 60 days, or until August 25, 2023, to submit either an expert report or a status report regarding how Petitioner intended to proceed. Id. The undersigned granted Petitioner's request for an additional 60 days to file an expert report (by August 25, 2023), but warned that failure to do so would result in "immediate dismissal." Order dated June 26, 2023, at 2 (ECF No. 51) ("If Petitioner does not file an expert report supporting onset, the case will be dismissed for failure to provide evidence as directed in the order to show cause.").

Petitioner did not file an expert report on August 25, 2023. Instead, Petitioner filed a document entitled "response to order to show cause."[5] Response to Order to Show Cause, filed Aug. 25, 2023 (ECF No. 52). It explained that after the December 14, 2022 status conference, Petitioner's counsel followed up with Petitioner including calling him 13 times and sending six correspondences "outlining the items needed and warning him if he did not respond his case may be dismissed." Id. at ¶ 4. After the order to show cause issued, Petitioner's counsel again notified Petitioner that he "could not move forward with [Petitioner's] case without his assistance and that failure to respond would result in his case being dismissed." Id. at ¶ 7. These attempts included calling Petitioner nine times and sending five correspondences. Id. Following the Court's April 27, 2023 Order requesting Petitioner to file an expert report, Petitioner's counsel forwarded a copy of the order to Petitioner and began the process of engaging a hematology expert. Id. at ¶¶ 9-10. The hematology expert reportedly identified additional items needed from Petitioner in order to complete the report.[6] Id. at ¶ 11. Petitioner's counsel noted that he "diligently and repeatedly" notified Petitioner of the additional items needed including

---

[4] There was not a status conference held by the Court on April 26, 2023. The last status conference was on March 24, 2023.

[5] Petitioner had already responded to the order to show cause on April 26, 2023, and a second order to show cause was never issued despite this responsive filing.

[6] Petitioner's June 26, 2023 motion for extension of time did not indicate that an expert had been retained yet or that additional items were needed for the said expert to complete the report. See Pet. Mot. at 1.

calling him six times and sending three correspondences detailing what was needed for the expert report. Id. at ¶ 12. After the Court granted Petitioner's motion for extension of time on June 26, 2023, Petitioner's counsel again reported that he "diligently and repeatedly" notified Petitioner of the pending deadline including calling him eight times and sending four correspondences "enclosing copies of the order along with a letter detailing what was needed to move his case forward." Id. at ¶ 14. As of August 25, 2023, Petitioner had not responded to Petitioner's counsel's communications. Id. at ¶ 15. Petitioner's counsel requested that the case not be dismissed. Id. at ¶ 16.

This matter is now ripe for adjudication.

### B. Relevant Factual History

On June 13, 2018, Petitioner (16 years old) received his second meningococcal (MCV4) vaccine and first hepatitis A vaccine, the vaccinations at issue here. Pet. Ex. 3 at 1. After an injury to his nose while boxing, Petitioner underwent surgery for a displaced nasal fracture on June 21, 2018. Pet. Ex. 9 at 10. No abnormal bleeding or bruising problems were noted or documented before or after the surgery. See id. On August 29, 2018, Petitioner had a sports physical examination with his primary care provider, Dr. Spencer Idstein. Pet. Ex. 1 at 46. There were no signs of ITP symptoms; no bruising or bleeding was noted. Id. On September 18, 2018, Petitioner returned to Dr. Idstein complaining of bruising. Id. at 44. The following day, Dr. Idstein diagnosed Petitioner with thrombocytopenia. Id. at 43. Dr. Idstein noted that Petitioner "ha[d] been taking minocycline for acne, may be [the] culprit, will stop."[7] Id.

Petitioner had an initial evaluation for his bruising with hematologist/oncologist Dr. Michael Huang on September 20, 2018. Pet. Ex. 1 at 121. Dr. Huang documented that Petitioner reported onset of bruising approximately two weeks before the visit.[8] Id. Moreover, Dr. Huang, noted that Petitioner had a "bout of diarrhea" approximately three to four weeks prior, and that he had "experienced fatigue for approximately the past four weeks."[9] Id.

## III. DISCUSSION

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to

---

[7] This note suggests that Dr. Idstein thought that Petitioner's acne medication may have played a causal role in his illness. See Order to Show Cause at 1-2; Pet. Ex. 1 at 43.

[8] This would make the date of onset approximately September 6, 2018.

[9] This note suggests that Dr. Huang thought that Petitioner had an antecedent viral illness that played a causal role in his illness. See Order to Show Cause at 2; Pet. Ex. 1 at 121.

submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Additionally, to receive compensation under the Act, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. See §§ 11(c)(1), 13(a)(1)(A). Because Petitioner does not allege he suffered a Table Injury, he must prove a vaccine he received caused his injury. To do so, Petitioner must establish, by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner cannot establish entitlement to compensation based solely on his assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor. § 13(a)(1). In determining whether Petitioner is entitled to compensation, the special master shall consider all material in the record, including "any . . . conclusion, [or] medical judgment . . . which is contained in the record regarding . . . causation." § 13(b)(1)(A). In this case, the medical records are insufficient to establish entitlement to compensation; and thus, medical opinion must be offered in support. However, Petitioner has not filed an expert report.

On December 14, 2022, Petitioner was put on notice by the undersigned of the issue regarding onset, and Petitioner has had numerous opportunities since that time to file an expert report and has failed to do so. The undersigned repeatedly warned Petitioner about the possibility of dismissal. See Order dated Feb. 15, 2023 (ordering Petitioner to file a motion for dismissal in thirty days, otherwise an order to show cause would be filed); Order to Show Cause (ordering Petitioner to file evidence that Petitioner's onset was medically acceptable and failure to do so would be interpreted as an inability to provide supporting documentation for this claim, and the case would be dismissed with prejudice); Order dated June 26, 2023 (ordering Petitioner to file an expert report and failure to do so would result in "immediate dismissal"). Even after granting Petitioner's request for an additional sixty days to file an expert report, after the order to show cause had been issued, he still did not do so.

Moreover, it appears Petitioner has a disinterest in pursing his claim and has failed to provide documentation necessary for expert review. See ECF Nos. 39, 41, 43 (indicating Petitioner had still not made a decision regarding how he wanted to proceed and requesting additional time); Response to Order to Show Cause, filed Apr. 26, 2023 (indicating Petitioner's counsel submitted the response "without input from the Petitioner"); Pet. Mot. ("Despite numerous telephonic attempts and correspondence, Petitioner's counsel has been unable to reach [P]etitioner or his family."); Response to Order to Show Cause, filed Aug. 25, 2023 (indicating Petitioner's counsel "diligently and repeatedly" notified Petitioner on four separate occasions totaling 36 phone calls and 18 mail correspondences detailing what was needed to move the case forward and warning him that "if he did not respond his case may be dismissed").

5

## IV.     CONCLUSION

Accordingly, this case is **DISMISSED** for failure to prosecute and insufficient proof.  In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
