# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ETHAN HIBBARD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1462V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 11, 2021, Ethan Hibbard ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered immune thrombocytopenic purpura ("ITP") as a result of the meningococcal and hepatitis A vaccines he received on June 13, 2018. Petition at Preamble (ECF No. 1). On September 18, 2023, the undersigned issued a decision dismissing Petitioner's case. Decision dated Sept. 18, 2023 (ECF No. 53).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On April 5, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Apr. 5, 2024 (ECF No. 57). Petitioner requests compensation in the amount of $32,756.47, representing $32,183.30 in attorneys' fees and $573.17 in costs. Id. at 4.  Respondent filed his response on April 10, 2024, stating he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 10, 2024, at 2 (ECF No. 58).  Petitioner filed a reply on April 15, 2024, reiterating his request for $32,756.47 in attorney fees and costs.  Pet. Reply to Resp. Response, filed Apr. 15, 2024 (ECF No. 59).  The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Mark Sadaka, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, and $482.00 per hour for work performed in 2023.[3]  Petitioner also requests rates between $163.00 and $197.00 per hour for work of his counsel's paralegal from 2020-2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  Additionally, the undersigned finds the 2024 paralegal rate is consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2024 and is reasonable, and will thus award this 2024 rate.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $32,756.47, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

---

[3] Although counsel requested a rate increase for 2024, he did not bill any entries in 2024.  Thus, the undersigned does not make a determination on Mr. Sadaka's requested 2024 rate.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
